

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00055-CV

**IN THE MATTER OF THE MARRIAGE OF ANN DELYNN WOOD AND VECENTIE SONTIAGO MORALES, JR.**

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. DC-2023-FM-2016, Honorable Tom Brummett, Presiding

July 22, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Vecentie Sontiago Morales, Jr. appealed from an order granting a protective order. The latter protects Ann Delynn Wood "from further discovery by Vecentie Sontiago Morales." The record has been filed, though Morales's brief has not. In April of this year, we granted him one extension of his briefing deadline. We also granted his second request for an extension filed on June 18, 2024. Our decision to do so was accompanied with an admonition that the failure to file the brief by July 19, 2024, would result in dismissal of this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1).

Thereafter, Morales moved for an additional extension seeking 90 more days to file his appellant's brief.

Each of his three motions to extend relied on the purported need for his "legal papers" to arrive at his most recently assigned prison. Yet, none were accompanied with documentation evincing effort to investigate the arrival status of those "legal papers." None were accompanied with documentation depicting requests to prison administrators explaining his need to secure those "legal papers" and their response thereto. Nor did Morales describe the nature of the "legal papers" in question or explain their necessity.

The foregoing circumstances, coupled with our recent discovery of an absence of jurisdiction over the proceeding, lead us to conclude that further delay is unwarranted. *See Dawson v. Pakenham*, No. 14-23-00190-CV, 2023 Tex. App. LEXIS 2724, at *1–3 (Tex. App.—Houston [14th Dist.] Apr. 27, 2023, no pet.) (mem. op.) (per curiam) (noting that discovery orders, including those involving a protective order, are interlocutory and appealable only after entry of a final judgment); *Shanks v. Wair*, No. 02-20-00138-CV, 2020 Tex. App. LEXIS 7372, at *2 (Tex. App.—Fort Worth Sep. 10, 2020, no pet.) (mem. op.) (per curiam) (dismissing due to the lack of appellate jurisdiction over a protective order with respect to certain discovery requests); *see also Garza v. Garza*, No. 02-23-00015-CV, 2023 Tex. App. LEXIS 3398, at *1–2 (Tex. App.—Fort Worth May 18, 2023, no pet.) (mem. op.) (concluding that a protective order granted during pendency of divorce proceeding is not a final, appealable order). Therefore, we deny the third motion for an extension of time to file the appellant's brief and dismiss the appeal for want of prosecution. Should appellant file a timely motion for rehearing accompanied with an

2

appellant's brief conforming with the rules of appellate procedure and also explaining why we have jurisdiction over the appeal, it will be considered in due course.

Per Curiam